# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4263 | **DATE** | July 8, 2013 |
| **CASE TITLE** | Jesus Quiles (B-42470) vs. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [4] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $22.84 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Sheridan Correctional Center. The clerk shall issue summons for service of the complaint on Defendants and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this court.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Jesus Quiles, has submitted a copy of his trust fund account and a certificate from an authorized officer concerning his prison trust fund account. The court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $22.84. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. As stated in the court's prior order, Plaintiff asserts the following. Allegedly, Defendants (correctional officials and health care providers at the Sheridan Correctional Center) have violated Plaintiff's constitutional and statutory rights by acting with deliberate indifference to his serious medical needs and by failing to accommodate his disability. More specifically, Plaintiff alleges inadequate care, treatment, and accommodations for his hydronephrosis, kidney and bladder issues; he additionally maintains that he was ejected from a drug treatment program on account of his handicap. The above-stated allegations state colorable claims against Defendants. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (refusal to treat or delay in treating a serious medical condition can amount to deliberate indifference to a serious medical need); *Jaros v. Illinois Dept. of Corrections* 684 F.3d 667, 672-73 (7th Cir. 2012) (refusing to allow an inmate participate in a program based upon a handicap may amount to a Rehabilitation Act violation).

The clerk shall issue summons for service of the complaint on Defendants. The United States Marshals Service is appointed to serve Defendants. The Marshal shall send Plaintiff any service forms necessary for him to complete in order for the Marshal to accomplish service. Plaintiff's failure to return forms to the Marshal will result

| STATEMENT |
|---|
| in the dismissal of Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Sheridan officials shall furnish the Marshal with Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.<br><br>    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff. |